UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES, :
:
: **SUMMARY ORDER**
: 06-CR-265 (DLI)
:
-against- :
:
ALEXANDER ALCANTARA, *pro se*, :
:
                          Defendant. :
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* defendant Alexander Alcantara moves for the return of certain property including a 1999 Honda Acura automobile ("Acura") pursuant to Fed. R. Crim. P. 41(g), seized from him when he was arrested by federal agents and members of the New York City Police Department ("NYPD") on August 23, 2006. (*See* Doc. Entry No. 472.) NYPD seized, forfeited, and auctioned the Acura. (*See* Doc. Entry No. 476.) Federal agents never took custody of the Acura. (*Id.*) The government opposes the motion on the grounds that the Court lacks jurisdiction to grant the request and Rule 41(g) does not afford defendant a remedy. (*Id.*) For the reasons set forth below defendant's motion is denied.

I. **Legal Standard**

The Court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the Court interprets defendant's motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

Defendant brings his motion pursuant to Fed. R. Crim. P. 41(g). Rule 41(g) permits a "person aggrieved . . . by the deprivation of property [to] move for the property's return." A Rule 41(g) motion brought after a criminal proceeding is over, as defendant here has done, is treated as a civil equitable action. *See Diaz v. U.S.*, 517 F. 3d 608, 610 (2d Cir. 2008) (citing *Adeleke v. United States,* 355 F. 3d 144, 149 (2d Cir. 2004)). In addition, while defendant has brought his motion pursuant to Rule 41(g), we liberally construe his *pro se* motion and, therefore, consider whether his submission states a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). S*ee id.* at 613.

## II. Discussion

### A. Fed. R. Crim. P. 41(g)

Plaintiff's request for return of his Acura, pursuant to Fed. R. Crim. P. 41(g) is jurisdictionally barred by the principles of sovereign immunity. *Diaz*, 517 F. 3d at 611-13. Defendant's Acura was forfeited by the NYPD and, therefore, its return is impossible. As such, defendant at most, might be entitled to receive the monetary equivalent of the seized Acura. However, the principles of sovereign immunity shield the federal government and its agents from suit, and absent an express waiver by the government, the Court lacks the jurisdiction to order the United States to pay the monetary equivalent. *Id.* at 613. There has been no waiver by the United States (*see* Doc. Entry No. 476) and Rule 41(g) itself does not waive the sovereign immunity of the United States with respect to actions for money damages related to seized property. *See id.* at 611 (citing *Adeleke*, 355 F. 3d at 1510). Therefore, this Court lacks jurisdiction to order the United States to pay the monetary equivalent of defendant's Acura and there is no further remedy under Rule 41.

B.     *Federal Tort Claims Act (FTCA)*

The FTCA waives sovereign immunity, *inter alia*, for "claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).  This waiver is subject to the detention exception barring claims "arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." *See* 28 U.S.C. § 2680(c); *Diaz*, 517 F. 3d at 613.  However, pursuant to 28 U.S.C. § 2680(c), claims against the United States for injury or loss of goods or property in law enforcement custody will be permitted provided claimant can satisfy the following four conditions:

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> (2) the interest of the claimant was not forfeited;
>
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
>
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

28 U.S.C. § 2680(c); *see Diaz*, 517 F. 3d at 613.

The Court need not consider each of these conditions in detail, since defendant cannot satisfy the fourth condition required by § 2680(c), and, therefore, defendant's FTCA claim fails. Defendant was convicted upon his plea of guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine and one count of distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B).

Accordingly, the defendant's Acura was subject to forfeiture as either property constituting, or derived from, proceeds obtained from his drug dealing, or as a substitute asset. *See* 21 U.S.C. §§ 853(a) and 853(p). Defendant's FTCA claim fails because he has been convicted of a crime "for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law." *See* 28 U.S.C. § 2680(c); *Diaz*, 517 F. 3d at 613. As such, there is no federal jurisdiction under the FTCA to hear defendant's claim.

## Conclusion

For all the foregoing reasons, defendant's motion is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
June 29, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge